# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

LEON FLANNEL,  )
        Petitioner,  )
v.  )   No. 15-2219-STA-tmp
    )
MICHAEL W. PARRIS, Warden,  )
        Respondent.  )

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Before the Court is Respondent Michael W. Parris's Motion to Dismiss (ECF No. 13) filed on February 23, 2016. Petitioner Leon Flannel, Tennessee Department of Correction ("TDOC") prisoner number 419507, is an inmate at Northwest Correctional Complex in Tiptonville, Tennessee. On March 31, 2015, Flannel filed a habeas corpus petition under 28 U.S.C. § 2254. Respondent now argues that the petition was filed outside of the one-year statute of limitations. For the reasons set forth below, Respondent's Motion to Dismiss is **GRANTED**.

## BACKGROUND

On February 23, 2007, Flannel was found guilty of one count of murder in perpetration of a theft and one count of premeditated murder. On October 13, 2008, the Tennessee Court of Criminal Appeals affirmed Flannel's conviction, and the Tennessee Supreme Court denied him permission to appeal on March 23, 2009. *State of Tennessee v. Leon Flannel,* No. W2007-00678-CCA-R3-CD, 2008 WL 4613829 (Tenn. Crim. App. Oct. 13, 2008); *perm. app. denied* Tenn. Mar. 23, 2009. Thereafter, Flannel filed a petition for post-conviction relief, which the trial court denied following

1

an evidentiary hearing. On August 1, 2012, the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court, and Flannel did not seek leave to appeal to the Tennessee Supreme Court. *Flannel v. State of Tennessee*, No. W2011-00942-CCA-MR3-PC, 2012 WL 3156599 (Tenn. Crim. App. Aug. 01, 2012). Finally, on July 24, 2013, Flannel filed a writ of error *coram nobis*, which the trial court denied. On December 17, 2014, the Tennessee Court of Criminal Appeals affirmed the judgment of the *coram nobis* court. *Flannel v. State of Tennessee*, No. W2014-00181-CCA-R3-ECN, 2014 WL 7180088 (Tenn. Crim. App. Dec. 17, 2014). Flannel did not request permission to appeal to the Tennessee Supreme Court. Flannel then filed his habeas petition on March 31, 2015.

In his Motion to Dismiss, Respondent argues that Flannel filed his habeas petition outside of the one-year statute of limitations. According to Respondent, Flannel's state court judgment of conviction became final on June 21, 2009, when the time for Flannel to seek review of his criminal conviction with the United States Supreme Court ran out. Flannel then had one year from June 21, 2009, in which to file his habeas petition under 28 U.S.C. § 2254. While it is true that Flannel's petition for post-conviction and collateral review tolled the statute of limitations, Flannel's habeas petition was still untimely. The filing of Flannel's petition for post-conviction relief on April 28, 2009, tolled the limitations period until the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court on August 1, 2012. On that date the statute of limitations began to run with 365 days remaining in the limitations period. When Flannel filed his *coram nobis* on July 24, 2013, 357 days of the one-year limitations period had passed. The appellate court affirmed the judgment of the *coram nobis* court on December 17, 2014, and restarted the limitations clock. Flannel's limitations period ran eight days later on December 25, 2014. Flannel's March 31,

2015 habeas petition was filed 96 days too late. Therefore, the Court should dismiss the petition on statute of limitations.

Flannel has filed a short response in opposition to Respondent's Motion to Dismiss. Flannel concedes that his petition is untimely and argues without much elaboration that he is entitled to equitable tolling of the statute of limitations. According to Flannel, the state of Tennessee created an unconstitutional impediment that kept him from filing his petition within one year. The only impediment specified in Flannel's response is the inadequacy of the prison library. Flannel goes on to assert in conclusory fashion that there was a "lack of information" in the prison law library, that he "suffered two (2) strokes," and that he was "[l]odged at DeBerry Special Needs Facility for medical." Flannel also argues that his conviction became final 90 days after the last state court decision on direct review, a point Respondent concedes in his Motion to Dismiss. Therefore, Flannel asks the Court to accept his untimely habeas petition.

## ANALYSIS

### I. Flannel's Petition is Time-Barred

The Antiterrorism and Effective Death Penalty ACT ("AEDPA") provides for a one-year limitations period for federal habeas corpus petitions by "a person in custody pursuant to the judgment of a State court."[1] AEDPA's limitations period runs from the latest of four possible dates, the relevant one in this case being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[2] The statute allows for

---

[1] 28 U.S.C. § 2244(d)(1).

[2] *Holbrook v. Curtin*, ---F.3d---, 2016 WL 4271875, at *2 (6th Cir. Aug. 15, 2016) (quoting 28 U.S.C. § 2244(d)(1)(A)).

3

tolling for the "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ."[3] "As long as petitioners are seeking review in a state court, the one-year statute of limitations does not run."[4]

Flannel does not dispute that he filed his petition outside of AEDPA's one-year statute of limitations.[5] The Tennessee Supreme Court denied Flannel's petition for leave to appeal his judgment of conviction on March 23, 2009. Flannel then had 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court, that is, by June 21, 2009. Flannel's conviction became final on that date, thus triggering AEDPA's one-year statute of limitations. However, the limitations period was tolled at that time by virtue of Flannel's pending petition for post-conviction relief, which Flannel had filed on April 28, 2009. Flannel's appeal of the post-conviction judgment was decided August 1, 2012, and Flannel did not seek further review with the Tennessee Supreme Court.[6] Flannel did file a petition for a writ of error *coram nobis*, which the appellate court decided on December 17, 2014. The parties do not dispute the fact that Flannel's

---

[3] 28 U.S.C. § 2244(d)(2).

[4] *In re Bowen*, 436 F.3d 699, 701 (6th Cir. 2006).

[5] Flannel's Traverse 2 (ECF No. 15) ("Petitioner respectfully asks this Honorable Court to waive the 96 days of being late in his filing . . . .").

[6] A post-conviction petition remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford*, 536 U.S. 214, 220 (2002). Respondent argues by implication that Flannel's petition for post-conviction relief was resolved as of the date the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court. Flannel has not opposed Petitioner's argument. Therefore, the Court assumes, as the parties have, that Flannel's post-conviction petition was no longer "pending" as of August 1, 2012.

March 31, 2015 habeas petition was 96 days late. Unless Flannel can show why he is entitled to equitable tolling, his habeas petition must be dismissed.

## II. Equitable Tolling

Flannel requests equitable tolling of AEDPA's one-year statute of limitations. AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases."[7] A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition.[8] The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts."[9] The habeas petitioner has the burden to show that he or she is entitled to the equitable tolling of the one year limitations period.[10] "Absent compelling equitable considerations, a court should not extend limitations by even a single day."[11]

Here Flannel has asserted several grounds to support his plea for equitable tolling, none of which the Court finds convincing. Flannel claims that the state of Tennessee created an unconstitutional impediment that kept him from filing his petition within one year, specifically the inadequacy of the prison library and a "lack of information" therein. Flannel's claim amounts to a "generalized, conclusory assertion[] about the difficulties of litigating from prison—difficulties that

---

[7] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[8] *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[9] *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010).

[10] *Id.*

[11] *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

5

by definition virtually every habeas petitioner faces."[12] Such claims "fall well short of the proof necessary for equitable tolling."[13]

This leaves Flannel's claim that he "suffered two (2) strokes" and that he was "[l]odged at DeBerry Special Needs Facility for medical." A petitioner's demonstrated mental incompetence can support the application of equitable tolling. The petitioner must show that (1) he is mentally incompetent and (2) his mental incompetence prevented him from timely filing his petition.[14] In this case Flannel's allegations are too conclusory to establish that he was mentally incompetent during the filing period. Flannel has not alleged when he suffered the two strokes, how severe the strokes were, how the strokes impaired his ability to prepare his court filings, when he was sent to DeBerry for medical treatment, or how long he was treated there. Flannel has not produced any medical records or affidavits from treating health care professionals to establish his medical condition or the date and duration of his condition. Without these supporting facts, Flannel has also failed to show how his condition prevented him from filing a timely habeas petition before the statute of limitations ran. Flannel's unsupported allegations simply lack sufficient detail to entitle him to an evidentiary hearing on his claim for equitable tolling.[15] Therefore, Respondent's Motion to Dismiss Flannel's habeas petition is **GRANTED**.

---

[12] *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

[13] *Id.*

[14] *Ata v. Scutt*, 662 F.3d 736, 743 (6th Cir. 2011) (citations omitted).

[15] *Id.* at 742 ("[A]n evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file."); *cf. id.* at 739-40 (holding that the petitioner was entitled to an evidentiary hearing on his equitable tolling claim where the petitioner alleged and stated in an affidavit that he had "a lengthy history of psychiatric disorders and treatment," that he took medication for paranoid

**III. Appeal Issues**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition.[16] The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.[17] A petitioner may not take an appeal unless a circuit or district judge issues a COA.[18] A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.[19] A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[20] A COA does not require a showing that the appeal will succeed.[21] Courts should not issue a COA as a matter of course.[22]

---

schizophrenia, "that he had 'missed the [filing] deadline because he had been hospitalized on numerous occasions for paranoid schizophrenia and other psychoses," and that his mental condition "disabled him in terms of being able to be percipient of notices of filing requirements or changes in the *habeas* law pursuant to the [AEDPA]").

[16] *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005).

[17] Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

[18] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

[19] 28 U.S.C. §§ 2253(c)(2) & 3.

[20] *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[21] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same).

[22] *Bradley*, 156 F. App'x at 773 (quoting *Slack*, 537 U.S. at 337).

7

In this case, there can be no question that the claims in this petition are time barred and that Flannel has not carried his burden to show an entitlement to equitable tolling. Because any appeal by Flannel on these issues does not deserve attention, the Court **DENIES** a certificate of appealability. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[23]

## CONCLUSION

Flannel's habeas petition was filed outside of the one-year statute of limitations for such motions. Flannel has not shown why he is entitled to equitable tolling of the statute of limitations. Therefore, Respodent's Motion to Dismiss is **GRANTED**, and Flannel's habeas petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 30, 2016.

---

[23] If Flannel files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).